ELLIS *v.* HUBBARD, ETC.

No. 40025          May 7, 1956          87 So. 2d 251

*Thomas J. Wiltz,* Biloxi; *Claude Pittman, Jr.,* Hattiesburg, for appellant.

No counsel for appellee.

McGehee, C. J.

In this case the appellant, Mrs. Bernadette Ellis, sued Arvin Hubbard for damages caused by personal injuries to her in an automobile accident, when the automobile of Alvin Hubbard was being driven by Alfred E. Messick. The theory of liability is that Arvin Hubbard got out of his automobile in which the plaintiff was riding as a guest, and that Hubbard, upon leaving the automobile, left the motor running instead of turning off the igni-

tion and removing the key, and thereby negligently permitted Messick to drive the car away at a time when he knew that Messick was in an intoxicated condition and that it was dangerous to permit him to drive the car.

The answer of the defendant to the declaration consisted of denial of the allegations thereof, and it failed to plead as an affirmative defense that the plaintiff should be denied a recovery under the doctrine of the assumption of risk. Section 1475.5, Code of 1942 provides, among other things, that: "If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action; * * *". .

The defendant, over the repeated objections of the plaintiff, was permitted to introduce testimony in support of this affirmative defense of the assumption of risk by the plaintiff, and instructions were given submitting to the jury the issue of whether or not the plaintiff had assumed the risk. The admission of this testimony in support of an affirmative defense not pleaded, together with the giving of the instructions which submitted to the jury the issue as to the assumption of risk, are assigned as error. ▉▉ ▉ We are of the opinion that the admission of the testimony and the giving of the instructions constitute reversible error; Cyclopedia of Automobile Law and Practice, Blashfield 9B, Section 5992, page 307, Yazoo & Mississippi Railroad Company v. Woodruff, 53 So. 687, 98 Miss. 36; and the judgment in favor of the defendant is therefore reversed and remanded.

Pending this appeal the appellee Arvin Hubbard has died and the suit has been revived in the name of his father and legal representative Perry Hubbard.

Reversed and remanded.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.*, concur.