Clifton R. MASON, Administrator of the Estate of D. O. Mason, Deceased, Appellant,

v.

Gordon W. HUNTER, Sheriff of Columbia County, Arkansas, Administrator of the Estate of Clovis Marion Kirkpatrick, Appellee.

No. 75–1425.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1976.

Decided April 23, 1976.

Rodney T. Chambers, Chambers & Chambers, Magnolia, Ark., for appellant.

Dennis L. Shackleford, Shackleford, Shackleford & Phillips, El Dorado, Ark., for appellee.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and VAN PELT, Senior District Judge.*

VAN PELT, Senior District Judge.

This is an appeal from a jury verdict for defendant in a death case. Plaintiff's decedent, who with others, was pushing his truck following a collision with another motor vehicle, was struck by defendant's automobile which was proceeding north on a main-traveled highway one mile south of Magnolia, Arkansas. Judge Harris entered judgment in accord with the jury verdict.

The assigned errors all center around the trial judge submitting to the jury the issue of assumption of risk, which was not pleaded as an affirmative defense. Additionally, the errors assigned claim that the doctrine did not apply to the facts because defendant was violating the Arkansas statute relating to driving upon the right half of the roadway; that the decedent had no reason to foresee that defendant would drive on the other, or left, side of the highway; that decedent did not place himself voluntarily in any risk. It is also claimed that decedent acted in a reasonable and prudent manner and that giving of the assumption of risk instruction prejudiced plaintiff's case in the minds of the jury.

Since most of the assigned errors depend on the evidence submitted, a statement of the facts is necessary.

Plaintiff's decedent was a man of about 59 years of age [1] and a resident of the area. He had been employed by Arkansas Louisiana Gas about 25 years and was on vacation. He was a hunter and had been squirrel hunting earlier in the day. There is no need to set forth the evidence as to Mr. Mason's dependents, his earnings, or the financial loss proved in view of the verdict for defendant. He had stopped around 5:30 in the afternoon of the day of the accident at Lester Brown's barbeque place adjacent to the highway and intersection where the collision occurred. Later decedent went to his truck and started to drive it across the intersection when he had a collision with a vehicle driven by Henry Lee Jordan.

Decedent's truck was still on the highway after the Jordan collision and several persons, some of whom were witnesses, came out from Brown's or other businesses in the area to help push decedent's truck, which was disabled, off the highway. The truck, while being pushed, was struck by an automobile driven by defendant Kirkpatrick.[2] Mr. Mason was hit by the Kirkpatrick vehicle and received injuries, from which he died the next day.

The dispute centers on the location of the Mason truck on the north and south highway at the time of the collision with defendant's vehicle.

Four witnesses for plaintiff and Mr. Jordan, with whom Mason had the first collision, all placed the Mason truck in the southbound lane. Defendant placed it in the northbound lane. An employee of the Arkansas Highway State Police at the time of the accident, who received a call about the accident at five minutes to six and "took off right then," testified to finding debris located in the northbound lane, close

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. His wife testified to two different dates of birth but his exact age is immaterial in discussing the errors assigned.

2. The defendant in the original action, Clovis Marion Kirkpatrick, is now deceased and the administrator of his estate has been substituted as the appellee herein.

to the center line. Over objection of surprise and no allegation of drinking, he testified that when he reached over to move Mr. Mason there was a pool of blood in front of and underneath the decedent and the strong odor of alcohol hit him from the fumes that were coming up from the blood. He also testified that the area was a dangerous one and to fatalities from other accidents.[3]

■ This brief statement of the facts indicates the factual dispute as to the place of the accident. It is clearly not for a reviewing court to set aside a jury's verdict based on disputed facts, even though the reviewing court might have believed the four disinterested witnesses in preference to the interested defendant.

The jury's verdict disposes of plaintiff's claims based upon whether defendant was driving in the right, or northbound, lane of traffic or whether he was across the center line of the highway and into the southbound lane. According to the verdict of the jury, defendant was not violating the Arkansas statute relating to driving a motor vehicle in the right-hand lane of the highway.

The jury verdict requires us to adopt the version of facts most favorable to defendant. Thus we have decedent and his truck in the northbound lane of traffic at a known dangerous intersection in an area with which he was well acquainted and in an undertaking which he or others had recognized as dangerous by sending someone to warn traffic from one direction but not the other.

These facts bring us directly to assumption of risk. Both parties agree that as to the law of assumption of risk Arkansas law applies.

The doctrine of assumption of risk is well recognized in Arkansas. The Arkansas Supreme Court many years ago stated:

In an article by Robert S. Lindsey found in Volume 10, Arkansas Law Review at Page 70, the writer stated: "Many of us are in the habit of thinking that assumed risk is peculiar to master-servant cases but that is not correct. Not infrequently the same set of facts from which contributory negligence has been argued can be the basis for an assumed risk defense." This statement we find is fully justified by the authorities. [*Bugh v. Webb*, 231 Ark. 27, 328 S.W.2d 379, 84 A.L.R.2d 444, 448.]

■ The necessary elements are a hazard of danger, of which the person had knowledge, and appreciation, and acquiescence or willingness to proceed in the face of danger.

Instruction No. 9 given by the trial court included these elements. While it was objected to by plaintiff, the objection did not go to the statement of law which it contained. The objection went only to the claim that this was not a case in which assumption of risk could be considered and that it had not been pleaded as a defense.

While it is true, as plaintiff claims, that the Arkansas Supreme Court has said that assumption of risk is a harsh doctrine and should not be extended beyond its reasonable limits, the case cited by plaintiff in support of this statement goes on to say:

The question of the assumption of risk is generally one of fact for the jury. "Ordinarily, the question of assumption of risk is one of fact for the jury, unless the facts are inconsistent and present a situation so plain that intelligent men would not draw different conclusions." [*Haynes Drilling Corp. v. Smith*, 200 Ark. 1098, 143 S.W.2d 27, 30.]

Whether plaintiff's decedent voluntarily placed himself in a position of risk and whether he acted in a reasonable and prudent manner depends on which version of the facts is adopted. We are barred by the jury's verdict, as above noted, from saying that Mr. Mason did not place himself in the northbound lane.

---

**3.** There was in evidence a plat showing the incline of the road and witnesses referred to a hill crest south of the accident.

The case thus comes down to whether assumption of risk should have been pleaded and whether it was reversible error for the trial court to submit the issue. The instruction given was not erroneous. We believe it a correct statement of the Arkansas law on the subject. As above stated, plaintiff did not object to the law as stated in the instruction.

■ It is clear that assumption of risk is an affirmative defense and should be pleaded. See Fed.R.Civ.P. 8(c). It is also true that amendments can be made to conform to the evidence and to raise such issues even after judgment and "failure so to amend does not affect the result of the trial of these issues." If necessary, an amendment can even be made on appeal. See Moore's Federal Practice, Volume 3, Sec. 15.13[2]. The state court case from Mississippi, *Ellis v. Hubbard*, 227 Miss. 837, 87 So.2d 251, cited by plaintiff and reversing the lower court for submitting the issue of assumption of risk where it had not been pleaded, we choose not to follow in view of the federal rule relating to amendments.

We also conclude that the case of *Cowart v. Jones*, 250 Ark. 881, 467 S.W.2d 710, relating to intervening causes, has no application under the facts of this case.

■ We turn then to whether there was an abuse of discretion on the part of the trial court in permitting this unpleaded issue to be tried and submitted to the jury. This, in part, is controlled by whether plaintiff's counsel were taken by surprise or whether by the failure to plead plaintiff's case was prejudiced. It seems that they were not. The case was tried in April, 1975. It had been set for trial on October 22, 1974, and due to illness of the defendant, the trial was continued. A pretrial was held in 1974 and again March 13, 1975. At the earlier date defendant submitted requested instructions to the district judge relating to the defense of assumption of risk. Plaintiff's counsel knew of these tendered instructions. At the trial, without objection, defendant's counsel in his opening statement, before evidence was introduced by plaintiff or defendant, mentioned the defense of assumption of risk.

While it would have been better housekeeping for defendant to have requested an amendment, or for the trial court on its own motion to have ordered such, the rights of plaintiff to a fair trial free from surprise were not violated. Plaintiff knew of the issue and in a limited sense by implication consented.

■ We conclude that the evidence, if believed, supported such a defense. We will not on appeal reverse the case for failure to plead the defense of assumption of risk or for failure to ask leave to amend the pleadings.

In truth, this case was won and lost before the jury. The distinguished trial judge provided a fair trial to both sides. He heard the evidence as the jury did. The jury believed the defendant's version of how the accident occurred. The judge then entered judgment on the verdict. We therefore affirm.